SENECA B. MCINTYRE v. UNION PACIFIC RAILWAY COMPANY.

FILED NOVEMBER 17, 1898.   No. 8456.

1. **Instructions:** ASSIGNMENTS OF ERROR. An assignment of error in the motion for a new trial relative to giving instructions must be specific as to each. If *en masse*, and determined without force as to one, the assignment may be overruled.

2. **Carriers: Negligence: Action by Shipper for Value of Horse: Verdict for Carrier.** The verdict *held* not contrary to the evidence, nor open to the objection that there was not sufficient in the evidence to support it.

Error from the district court of Douglas county. Tried below before Keysor, J. *Affirmed.*

*Martin Langdon,* for plaintiff in error.

*W. R. Kelly* and *E. P. Smith, contra.*

Harrison, C. J.

The defendant contracted to safely transport for plaintiff eleven stallions from Jersey, Colorado, to Mc-Camon, Idaho, and during transit one of the horses died, it was alleged, through the carelessness and negligence of the company, its agents and employés. The particular allegation of the petition relative to carelessness and negligence was as follows: "That on the —— day of January, 1891, at Rawlins Station, in the state of Wyoming, the defendant, as such corporation and common carrier, by and through its agents and servants, so carelessly and negligently ran, managed, and operated its locomotive engine, and the cars upon which said stallion was being transported, that the said cars collided with and ran against other cars and obstacles upon said defendant's roads, which were under its control, with locomotive and cars aforesaid, by reason whereof said cars were broken to pieces and wrecked; and by reason of said carelessness and negligence on the part of said defendant, its agents, servants, and employés, said stallion was killed, without any fault or negligence on the part of plaintiff." The contract of shipment was one in which it was provided that some person for the shipper should accompany and have, in certain matters, charge of the live stock, and care for it. In the answer appeared the following statement: "Further answering, the said de-

fendant states on information and belief that when the said horse was placed in the said car it was fraudulently represented by the said plaintiff to be sound and in good health, whereas the said horse was at that time sick and diseased, without the knowledge of said defendant, and that by means of said representation the said plaintiff obtained said transportation of said horse so as aforesaid, which he could not and would not have obtained from the said defendant had said facts been known, and not been wilfully and fraudulently concealed from the said defendant." In a trial of the cause to the court and a jury the defendant was given a verdict and judgment, and the plaintiff has prosecuted error proceedings to this court.

One argument is based upon alleged errors of the trial court in giving instructions of its own motion. In the assignment in the motion for a new trial these errors were grouped, and of the instructions embraced therein at least three were without error. This being determined, no further examination of this argument is necessary, or will be made. (*Dempster Mill Mfg. Co. v. First Nat. Bank of Holdrege,* 49 Neb. 321, and cases cited.)

It is argued that the verdict was contrary to the evidence, and not sustained by sufficient evidence. A close examination of the evidence discloses that by it it was left questionable or probably in doubt whether the animal received any injuries in the manner alleged in the petition, from which its death resulted; and it also presented conditions or facts from which allowable inferences might be drawn, and the death of the horse be attributable to a cause other than the alleged injuries, and one with which the company could in no manner or degree be chargeable,—i. e., a sickness or disease of the horse. These were matters the settlement of which were directly within the province of the jury, and, with the concurrent conditions of the evidence such as we have just outlined, we do not feel warranted in saying that the decision, as embodied in the verdict, should be set

aside as either contrary to the evidence or not sustained by sufficient thereof. The judgment must be

AFFIRMED.